UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,　　　　　　　　　　　　　　Case No. 20-cv-11413
　　　　　　　　　　　　　　　　　　　　　　Hon. Matthew F. Leitman
v.

HEIDI E. WASHINGTON, *et al.*,

    Defendants.
_____/

**ORDER (1) DENYING PLAINTIFF'S MOTIONS TO PRESERVE EVIDENCE (ECF Nos. 22, 29, 30, AND 34); (2) DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (ECF No. 33); AND (3) PROHIBITING THE FILING OF ANY ADDITIONAL MOTIONS UNTIL THE CONCLUSION OF LIMITED SETTLEMENT CONFERENCE**

    Plaintiff Bruce Parker is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). He is imprisoned at the Macomb Correctional Facility (the "MCF") in Lenox Township, Michigan. In this action, Parker alleges that due to the deliberate indifference of several employees of the MDOC and the MCF, he was infected with COVID-19. (*See id.*)

    Parker has filed several motions related to the preservation of evidence in this action. (*See* Mots., ECF Nos. 22, 29, 30, and 34.) He has also filed a motion for class certification. (*See* Mot., ECF No. 33.) The Court will address the motions in turn below.

1

**I**

In four separate motions, Parker asks the Court to require Defendants to preserve certain evidence, including certain video footage from the MCF. (*See* Mots., ECF Nos. 22, 29, 30, and 34.)  Defendants responded to the motions on January 15, 2021. (*See* Resp., ECF No. 36.)  In that response, Defendants say that "the MDOC has already taken steps to ensure the preservation of relevant evidence" – including many of the video segments specifically identified by Parker. (*Id.*, PageID.529.)  To the extent that the MDOC is not actively preserving footage requested by Parker, that footage is from units within the MCF where Parker is not housed and "does not have access [to]." (*Id.*, PageID.531.)

Based on Defendants' representations, the Court does not believe that it is necessary to order Defendants to preserve evidence.  Defendants have already, voluntarily, preserved much of the evidence that Parker identifies in his motions. And Parker has not sufficiently explained the relevance of video from areas of the MCF where he is not housed and to which he does not have access. Thus, Parker has not persuaded the Court that Defendants should be ordered to preserve that footage.

For all of these reasons, and based on Defendants' representations that they intend to maintain the footage that they have already preserved, Parker's motions to require Defendants to preserve evidence (ECF Nos. 22, 29, 30, and 34) are **DENIED**.

## II

On January 7, 2021, Parker filed a motion for class certification. (*See* Class Certification Mot., ECF No. 33.)  In that motion, Parker seeks to certify a class of all MDOC prisoners who are similarly situated to him. (*See id.*)  The motion is **DENIED**.  Parker's Complaint does not include any class allegations.  Nor does it ask for relief on a class-wide basis.  Because Parker has not pleaded any facts in his Complaint that could support class relief, he is not entitled to class certification.

## III

The Court has now referred this action for a limited settlement conference before the assigned Magistrate Judge so that the parties can attempt to resolve Parker's pending motion for a preliminary injunction. (*See* Order, ECF No. 32.)  Until the parties have completed that settlement conference, neither party shall file any additional motions in this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764