UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

     Plaintiff,

v.

HEIDI E. WASHINGTON, *et al.*,

     Defendants.

Case No. 20-cv-11413
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR INJUNCTIVE RELIEF (ECF No. 43)

Plaintiff Bruce Parker is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). He is imprisoned at the Macomb Correctional Facility (the "MCF") in Lenox Township, Michigan. In this action, Parker alleges that due to the deliberate indifference of several employees of the MDOC and the MCF, he was infected with COVID-19. (*See* Compl., ECF No. 1.) He further alleges that the MCF is not enforcing appropriate social distancing policies and is not providing its inmates a way to sufficiently protect themselves from the COVID-19 virus. (*See id.*)

1

On January 13, 2021, Parker filed a motion for injunctive relief. (*See* Mot., ECF No. 43.[1])  In the motion, Parker claims that "Defendants and/or their agents" have interfered with his (1) "incoming U.S. mail" and (2) J-Pay prison email messages. (*Id.*, PageID.574.)  He asks the Court to enter an order requiring Defendants to "cease and desist in improperly rejecting [his] U.S. mail or J-Pay email messages." (*Id.*)

Parker has not established that he is entitled to injunctive relief.  Parker's motion consists of a single page, and he has not shown – or even attempted to show – that he has satisfied any of the relevant injunctive factors. *See S. Glazer's Distribs. of Ohio v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (listing factors).  Moreover, Parker's current motion is not related in way to the claims he brings in his Complaint.  As described above, in Parker's Complaint, he seeks relief arising out of the MDOC's and MCF's alleged failure to protect inmates from COVID-19.  But this motion has nothing to do with COVID-19.  It is related to the alleged interference with his prison mail and email.  While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not be issued when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated*

---

[1] Parked mailed his injunction motion to the Court on January 13, 2021. (*See* Mot., ECF No. 43, PageID.577.)  However, the Court did not receive and docket the motion until February 2, 2021. (*See* Dkt.)

*Mines v. United States*, 325 U.S. 212, 220 (1945).  As the United States Court of Appeals for the Eighth Circuit explained when affirming the denial of a motion for preliminary injunction that was unrelated to claims brought in a prisoner's complaint:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. It is self-evident that [Plaintiff's] motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [Plaintiff's] 42 U.S.C. § 1983 lawsuit. To the contrary, [Plaintiff's] motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. Thus, the district court correctly ruled as a matter of law that [Plaintiff] was not entitled to a preliminary injunction.

*Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (internal citations omitted). *See also Christian v. Mich. Dep't of Corr.*, 2013 WL 607783, at *3 (E.D. Mich. Jan. 28, 2013) (recommending denial of preliminary injunction motion where claims in motion had "nothing to do with the Eighth Amendment claims at issue" in plaintiff's complaint), *report and recommendation adopted at* 2013 WL 607779 (E.D. Mich. Feb. 19, 2013); *Harris v. Curtin*, 2008 WL 623829, at *4 (W.D. Mich. Mar. 4, 2008)

(denying plaintiff's motion for preliminary injunction where subject of the motion had "nothing to do with [the plaintiff's] excessive force or improper transfer claims" raised in the plaintiff's complaint).

For all of these reasons, Parker's motion for injunctive relief (ECF No. 43) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764