UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

HEIDI WASHINGTON,
KENNETH MCKEE, WILLIS
CHAPMAN, GEORGE
STEPHENSON, and
KRISTOPHER STEECE,

    Defendants.

Case No. 4:20-cv-11413
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 28)

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On May 14, 2020, plaintiff Bruce Parker, proceeding *pro se*, filed a complaint alleging that defendants Heidi Washington, Kenneth McKee, Willis Chapman, George Stephenson, and Kristopher Steece violated his constitutional rights. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned on May 12, 2021. (ECF No. 65). On December 16, 2020, Parker filed a motion for summary judgment against Chapman, Stephenson, and Steece. (ECF No. 28).

1

Defendants responded to the motion, and Parker moved to strike their response. (ECF No. 49, 59). Parker's motion to strike was denied in a separate order. (ECF No. 68). For the reasons that follow, the undersigned recommends that Parker's motion be **DENIED WITHOUT PREJUDICE**.

## II. Background

In his motion, Parker alleges that despite the guidance from the Centers for Disease Control and Prevention, he was forced to share a cell with a COVID-19 positive prisoner, and that on April 1, 2020, it resulted in him becoming infected with the virus. (ECF No. 28, PageID.489). He states that defendants Chapman, Stephenson, and Steece refused to enforce social distancing protocols, did not provide him or others with personal hygiene products to prevent the spread of COVID-19, and failed to engage in stringent cleaning. (*Id.*, PageID.489-490). This allegedly led to an outbreak of COVID-19 that infected "nearly the entire level 4 housing unit" in December 2020. (*Id.*, PageID.490).

To support his claims, Parker has submitted verified declarations of several other inmates. The declarations of inmates Kevin Hall and Recco Aaron state, in identical language, that in March and April of 2020 "unit counselor Tolley" – not a named defendant in the matter – came to work ill and "knew she had covid-19" but refused to be tested or stay home despite working in daily contact with over 100 prisoners. (*Id.*, PageID.493-494). Inmate Daniel Perry attested that he and his

cellmate, who were negative for the virus, were moved from general population to an area that was in close quarters and contact with positive-testing prisoners by Stephenson, causing Perry's infection with the virus. (*Id*., PageID.495). Of relevance to Parker's motion, inmate Markel Allen stated that Parker notified staff that he could not be housed with a new cellmate, Lafave, because Lafave had been in close contact with a COVID-19 positive prisoner, and that Steece instructed an officer to tell Parker that Lafave was negative for COVID-19. (*Id*., PageID.496). Parker was then escorted to segregation for refusing to be housed with Lafave. (*Id*., PageID.496-497). Finally, inmate Lamont Dixon attested that from April to May 2020, he was denied cleaning supplies, forced to be near prisoners who were positive for COVID-19, denied vitamins for positive prisoners, and given medication by nurses who did not change their gloves between patients. (*Id*., PageID.498). Dixon complained to Steece and Stephenson but was ignored. (*Id*.).

### III. Summary Judgment Standard

Parker moves for summary judgment under Rule 56. Under that Rule, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be

drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists...." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must ... do more than simply show that there is some metaphysical doubt as to the material facts[.] ... [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal

quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] ..." *Stansberry*, 651 F.3d at 486 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Parker is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, ... 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (*quoting Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

IV.  Analysis

Defendants argue that Parker's motion for summary judgment should be denied as premature, due to being filed only eight days after their appearance and before any meaningful opportunity for discovery.  (ECF No. 49).[1]  Defendants also contend that the motion was filed before an opportunity for meaningful discovery and is therefore premature.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Plott v. General Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1195 (6th Cir. 1995).  *See also Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) ("a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery.); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f)[2] affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

"To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations

---

[1] Defendants have recently filed a motion to dismiss.  *See* ECF No. 54.
[2] This is now Rule 56(d) in the updated Federal Rules of Civil Procedure.

6

or conclusory statements regarding the need for such discovery." *Hayes Lemmerz Int'l, Inc. v. Epilogics Grp.*, No. 03-CV-70181-DT, 2007 WL 2983999, at *1 (E.D. Mich. Oct. 12, 2007) (citing *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003)). But that is not the case here, where no discovery has yet been conducted. "The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice or to defer consideration until some discovery has occurred." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting Jeffrey W. Stempel & Steven S. Gensler, 11 *Moore's Federal Practice* § 56.60 (3d ed. 2010)). To that end, defendants cite cases in this and neighboring districts where motions for summary judgment were denied as premature as discovery had not yet been conducted. *See* ECF Nos. 49-3, 49-4, 49-5.

Under Fed. R. Civ. P. 56(d)(1), the Court may deny a motion for summary judgment if the nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition. Defendants have met this requirement with the declaration of Kristin M. Heyse, one of the attorneys representing the MDOC defendants. (ECF No. 49-6). There has been little time for discovery in this matter and Parker's motion was filed before any meaningful discovery could take place. Thus, the undersigned recommends that Parker's motion for summary judgment be

7

denied without prejudice as premature. The Court need not reach the underlying merits of Parker's motion.

## V.  Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that Parker's motion for summary judgment (ECF No. 28) be **DENIED WITHOUT PREJUDICE**, in accordance with this opinion.

Dated: May 25, 2021  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 25, 2021.

s/Marie E. Verlinde<br>
MARIE E. VERLINDE<br>
Case Manager