UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

HEIDI WASHINGTON,
KENNETH MCKEE, WILLIS
CHAPMAN, GEORGE
STEPHENSON, and
KRISTOPHER STEECE,

    Defendants.
_____/

Case No. 4:20-cv-11413
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 63) AND TO DENY AS MOOT PLAINTIFF'S MOTION TO SUPPLEMENT THE MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 71)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On May 14, 2020, plaintiff Bruce Parker, proceeding *pro se,* filed a complaint alleging that defendants Heidi Washington, Kenneth McKee, Willis Chapman, George Stephenson, and Kristopher Steece violated his constitutional rights. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned on May 12, 2021. (ECF No. 65).

1

The parties subsequently appeared before the undersigned for a limited settlement conference on Parker's claim for injunctive relief. A settlement was reached as to this claim and placed on a sealed record.

Meanwhile, the parties, particularly Parker, have filed several motions, as outlined in defendants' briefs. *See* ECF No. 55, PageID.734; ECF No. 64, PageID.825. One such motion is for a temporary restraining order, which was filed on April 26, 2021. (ECF No. 63). In it, Parker alleges that housing unit 5 of the Macomb Correctional Facility (MRF), where he is currently housed, contains general population prisoners along with COVID-19 positive prisoners and those who have been in close contact with a COVID-19 positive prisoner. (ECF No. 63, PageID.816). He requests that the Court issue an order requiring MRF to remove COVID-19 positive prisoners and those in close contact with them from general population units and to order "clothed-body searches" and searches of living areas to cease. (*Id.*, PageID.818). Parker also filed a motion to supplement his motion for a temporary restraining order on May 3, 2021, containing a verified declaration from himself attesting to these facts. (ECF No. 71).

For the reasons below, the undersigned recommends that Parker's motion for a temporary restraining order be DENIED, and that his motion to supplement be DENIED AS MOOT.

II. Analysis

a. General

At the onset of this matter, Parker filed a motion for preliminary injunction that was denied. (ECF Nos. 3, 5). The Court applies the same standard to a motion for a temporary restraining order (TRO) as to a motion for a preliminary injunction. *Summit County Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under that standard, the factors are: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a TRO, (3) whether granting the TRO would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (internal citations omitted). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

b. Application

In rejecting Parker's prior motion for an injunction, the Court noted:

> Parker has failed to persuade the Court that he is entitled to the relief he seeks. That relief is directed at preventing an inmate from becoming infected with COVID-19. But Parker says that he was infected more than one month ago – and before he even filed this action. Thus, the injunction Parker seeks would not afford him protection from infection. Indeed, Parker has not shown that the injunctive relief he seeks would

3

>confer any meaningful benefit upon him in light of the fact that he has already been infected with COVID-19.

(ECF No. 5, PageID.47-48). Parker has not made a showing in the present motion that would justify deviation from the Court's prior ruling for these reasons. Further, the Court found that MDOC had taken steps to prevent spread of the virus, and that though the procedures would not prevent every case of COVID-19, the increased efforts were meaningful and aimed at combating its spread. (*Id.*, PageID.48-49). According to sworn affidavits filed in this matter, steps taken to prevent the spread of COVID-19 include limiting and canceling certain group gatherings, implementing social distancing, increased supplies of cleaning materials, more frequent cleanings, enforcement of mask wearing, and contact-tracing. *See, e.g.,* ECF No. 23, PageID.125-126. According to Warden Willis Chapman, close contact inmates are immediately isolated and transferred to either unit 4, wings A and B; unit 5, wing C; or segregated cells. (ECF No. 23-9, PageID.393).

Regarding whether MDOC is deliberately indifferent to the risk of COVID-19 spreading in its prisons, the "key inquiry" is whether it "responded reasonably to th[is] risk." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). In *Wilson*, where similar procedures were implemented to limit the spread of COVID-19 in an Ohio federal prison, the Sixth Circuit found that petitioners failed to demonstrate a likelihood of

4

success on the merits. *See id. generally*. But more importantly, as the Court has already ruled in this matter, Parker had been infected with COVID-19 prior to bringing suit, and thus "has not shown that the injunctive relief he seeks would confer any meaningful benefit upon him in light of th[is] fact." (ECF No. 5, PageID.47-48). Moreover, and significantly, Parker resolved his claim for injunctive relief at a settlement conference. For these reasons, the undersigned recommends that Parker's motion for a temporary restraining order be DENIED, and that his motion to supplement be DENIED AS MOOT.

### III. Conclusion

For the reasons stated above, the undersigned recommends that Parker's motion for a temporary restraining order (ECF No. 63) be **DENIED**, and that his motion to supplement (ECF No. 71) be **DENIED AS MOOT.**

Dated: May 25, 2021  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 25, 2021.

6

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager