UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,                                          Case No. 20-cv-11413
                                                  Hon. Matthew F. Leitman

v.

HEIDI E. WASHINGTON, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 73); (2) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 63); AND (3) DENYING PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT (ECF No. 71)</u>**

Plaintiff Bruce Parker is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On May 14, 2020, Parker filed a *pro se* Complaint against Defendants Heidi Washington, Kenneth McKee, Willis Chapman, George Stephenson, and Kristopher Steece. (*See* Compl., ECF No. 1.) Parker alleges that the Defendants violated his constitutional rights by, among other things, exposing him to an unreasonable risk of contracting COVID-19. (*See id.*) Then, on April 26, 2021, Parker filed a Motion for Temporary Restraining Order. (*See* Mot., ECF No. 63.) In this motion, Parker alleged that his placement in unit 5 of the Macomb Correctional Facility ("MRF"), where he is housed, puts him at risk

1

of contracting COVID-19 because COVID-19 positive prisoners were not being separated from the general population. (*See id.*, PageID.816.) For that reason, Parker asked the Court to issue an order requiring the MRF to remove COVID-19 positive prisoners, and those in close contact with them, from the general population. (*See id.*, PageID.818.) On May 3, 2021, Parker filed a Motion to Supplement his Motion for a Temporary Restraining Order. (*See* Mot. to Supplement, ECF No. 71.)

The motions were referred to the assigned Magistrate Judge, and on May 25, 2021, the Magistrate Judge issued a Report and Recommendation (the "R&R"), in which she recommended that the Court (1) deny Parker's Motion for a Temporary Restraining Order (ECF No. 63) and (2) deny Parker's Motion to Supplement as moot. (*See* R&R, ECF No. 73.) On May 25, 2021, Parker filed objections to the R&R. (*See* Objections, ECF No. 76.)

The Court reviewed all the filings in connection with Parker's Motion for a Temporary Restraining Order (including the R&R, Parker's objections, and the Defendants' response to Parker's objections), and the Court concluded that it would benefit from a supplementation of the record. So, on June 21, 2021, the Court ordered the Defendants to supplement the record. (*See* Order, ECF No. 78.) The Court asked the Defendants to supplement the record by filing an affidavit that answered the following questions:

2

> 1. Has the MDOC offered a Covid-19 vaccine to Parker? If so, which vaccine, and when was it offered to Parker?
>
> 2. If a vaccine was offered to Parker, did he agree to be vaccinated, or did he reject the offer to vaccinate him?
>
> 3. If Parker accepted the offer to be vaccinated, has the vaccine been administered? If so, how many doses of the vaccine has Parker received, and when did he receive them?
>
> 4. Finally, if Parker has agreed to be vaccinated but has not yet been vaccinated, when will the vaccine be administered to him?

(*See id.*, PageID.953.)

On July 7, 2021, the Defendants responded by filing an affidavit from Erin Parr-Mirza, a Health Unit Manager at the MRF. (*See* Parr-Mirza Aff., ECF No. 79.) In her affidavit, Parr-Mirza states that a COVID-19 vaccine is generally available to inmates and staff at the MRF and was twice offered to Parker:

> MRF has access to the Johnson & Johnson/Janssen COVID-19 vaccine to distribute to staff and inmates. MRF offered the vaccine to all MRF inmates including Parker on March 23, 2021. At that time, Parker refused the vaccine. MRF staff offered the vaccine to Parker again on June 24, 2021. Parker again refused the vaccine, and further refused to sign the refusal form.

(*See id.*, PageID.956.)

On July 22, 2021, Parker responded with his own declaration. (*See* Parker Decl., ECF No. 81.) Parker says that the vaccine was only offered to him one time

3

and that that offer was made under circumstances that caused him to have concern about the particular dose of the vaccine being offered to him:

> That on June 24, 2021 after this courts [sic] order defendants offered Plaintiff the Johnson and Johnson vaccine. Plaintiff was summoned to Healthcare by RN Supervisor Nguyen who prior to offering Plaintiff the vaccine stated "I know this has something to do with your lawsuit so we saved a special dose for you." After hearing that statement Plaintiff as a[n] African-American whose ancestry was abused with vaccines declined the J&J vaccine because he didn't want the "special dose" to kill him.

(*See id.*, PageID.964.)

Under the circumstances set forth above, Parker cannot show that he is likely to suffer irreparable harm without his requested restraining order, and he is therefore not entitled to that relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original).[1] The allegedly-irreparable harm that Parker identifies is exposure to, and risk from, the COVID-19 virus, but Parker can reasonably protect

---

[1] The language cited above from the Supreme Court's decision in *Winter* applies here even though Parker seeks a temporary restraining order rather than a preliminary injunction. *See ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, 219 F.Supp.3d 665, 670 (S.D. Ohio 2016) ("The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo."); *Rios v. Blackwell*, 345 F.Supp.2d 833, 835 (N.D. Ohio 2004) ("As long as there is notice to the other side and an

himself against that harm by accepting a dose of the vaccine that has generally been made available to inmates at the MRF. Even if Parker arguably had legitimate concerns about the vaccine dose that was previously offered to him, the Court does not believe that Parker has a reasonable basis to permanently refuse to take the vaccine on a going-forward basis. Simply put, the Court is satisfied that Parker can sufficiently protect himself against the risks from COVID-19 by taking a dose of the vaccine. He does not need his requested restraining order to reasonably guard against those risks, and he is therefore not entitled to that order. *See, e.g., Williams v. Rodriguez*, 2021 WL 2037966, at *8 (D. Conn. 2021) (denying inmate's request for a restraining order and/or injunction requiring corrections officials to take steps to mitigate COVID-19 risk where, among other things, inmate was offered COVID-19 vaccine).

For all of the reasons stated above, Parker is not entitled to a Temporary Restraining Order. Accordingly, **IT IS HEREBY ORDERED** that:

- The Magistrate Judge's recommended disposition of Parker's Motion for Temporary Restraining Order is **ADOPTED**;

- Parker's Motion for Temporary Restraining Order (ECF No. 63) is **DENIED**; and

---

opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order.").

- Because the Court has denied Parker's Motion for Temporary Restraining Order, his Motion to Supplement his Motion for a Temporary Restraining Order (ECF No. 71) is **DENIED** as moot.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764