UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

Case No. 20-cv-11413
Hon. Matthew F. Leitman

v.

HEIDI E. WASHINGTON, *et al.*,

    Defendants.
_____/

## ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT AND DEEMING AMENDED COMPLAINT FILED (ECF No. 85) AND (2) TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 54)

Plaintiff Bruce Parker is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On May 14, 2020, Parker filed a *pro se* Complaint against Defendants Heidi Washington, Kenneth McKee, Willis Chapman, George Stephenson, and Kristopher Steece. (*See* Compl., ECF No. 1.) Defendants are employees of the MDOC. Parker alleges that Defendants violated his constitutional rights by, among other things, exposing him to an unreasonable risk of contracting COVID-19 during his incarceration. (*See id.*)

This case has a long and unusual procedural history. Relevant here, Parker moved for partial summary judgment on his own claims (*see* Mot. for Summ. J., ECF No. 28) and Defendants moved to dismiss Parker's claims. (*See* Mot. to

1

Dismiss, ECF No. 54.)  Shortly after Defendants filed their motion to dismiss, Parker filed several different motions with the Court.  He sought a temporary restraining order (ECF No. 63) and then asked to supplement that motion (ECF No. 71), and he filed a motion to strike Defendants' motion to dismiss (ECF No. 66).  In or around that same time, Parker had also filed a motion for sanctions (ECF No. 50), a motion to appoint counsel (ECF No. 52), a motion for a physical examination (ECF No. 56), a motion to strike Defendants' response to his summary judgment motion (ECF No. 59), and a motion for leave to file a supplemental Complaint (ECF No. 60).

Inundated with these filings – many of which had the potential of being mooted by the resolution of the parties' pending motions to dismiss and for summary judgment – the Magistrate Judge understandably sought to control the docket in this case.  Accordingly, on May 25, 2021, she directed that "[n]o further motions or discovery requests shall be filed until Parker's motion for summary judgment and defendants' motion to dismiss are resolved." (Order, ECF No. 74, PageID.912.)

In violation of that order, on October 1, 2021, Parker filed a motion to amend his Complaint and a proposed First Amended Complaint. (*See* Mot., ECF No. 84; Proposed First Am. Compl., ECF No. 85.)  In those filings, Parker (1) agreed to voluntarily dismiss his claims against Defendants Washington and McKee and (2) added new factual allegations against Defendants Chapman, Stephenson, and Steece, including allegations that arose of conduct that transpired after the filing of Parker's

2

initial Complaint. (*See id.*) The Magistrate Judge reasonably denied Parker's motion on the basis that it was filed in violation of her May 25 order. (*See* Order, ECF No. 89.) The Magistrate Judge then issued a report and recommendation in which she recommended that the Court grant in part and deny in part Defendants' motion to dismiss (the "R&R"). (*See* R&R, ECF No. 88.) More specifically, the Magistrate Judge recommended that the Court (1) grant the motion with respect to the claims brought against Defendants Washington, McKee, and Steece and (2) deny the motion with respect to the claims brought against Defendants Chapman and Stephenson.[1] (*See id.*)

Having the benefit of reviewing the entire docket in this action, as well as the parties' pending motions and other filings, the Court concludes that even if it were inclined to dismiss Parker's Complaint against some or all of the Defendants, the Court would be inclined to allow him to file an amended pleading. Therefore, the Court concludes that the most sensible way to proceed in this case is as follows:

- The Court *sua sponte* **GRANTS** Parker leave to file his First Amended Complaint and it **DEEMS** the Proposed First Amended Complaint

---

[1] The Magistrate Judge had previously recommended that the Court deny Parker's motion for partial summary judgment. (*See* ECF No. 72.) The Court adopted that recommendation and denied the motion without prejudice on July 8, 2021. (*See* Order, ECF No. 80.)

(ECF No. 85) to be the as-filed First Amended Complaint. That First Amended Complaint is now the operative pleading in this action.

- The Court **DISMISSES** Defendants Washington and McKee from this action; and

- The Court **TERMINATES WITHOUT PREJUDICE AS MOOT** Defendants' motion to dismiss (ECF No. 54) that was directed at Parker's initial Complaint. The remaining Defendants (Steece, Chapman, and Stephenson) may re-file a motion to dismiss directed at the allegations in the First Amended Complaint if they believe that such a motion is appropriate. They shall answer or otherwise respond to the First Amended Complaint by no later than **March 21, 2022**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126.